FILED & ENTERED

OCT 25 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY penning   DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

In re:

Lucrecia Mendez,

                                                    Debtor.

Case No: 2:09-bk-40265-TD

Chapter: 7

MEMORANDUM OF DECISION

Date:  June 23, 2010
Time:   10:00 a.m.
Location:  Courtroom 1345

## BACKGROUND

On October 22, 2008, creditors 1813 Pandora LLC and Shalom Ben Ahron (collectively, Pandora) recorded their $222,093.37 judgment for costs and attorneys' fees awarded against Lucretia Mendez (Debtor) after jury empanelment and a nonsuit judgment in Pandora's favor on claims asserted by Debtor in her state court lawsuit brought against Pandora. Approximately one year later, on October 30, 2009, Debtor filed a chapter 7 bankruptcy petition.  In response, Pandora filed a Motion for Relief from Stay to enable enforcement of their state court judgment.  In response to the Motion for Relief from Stay, Debtor concurrently filed an Opposition to the Motion for Relief from Stay and a Motion to Avoid Pandora's lien pursuant to 11 U.S.C. § 522(f) (Motion to Avoid Lien or 522(f) Motion).  Debtor's Motion to

Avoid Lien is based on her claim that Pandora's judgment lien impaired a $150,000 homestead exemption to which Debtor asserts she is entitled under California Civil Code of Procedure (CCP) § 704.730(a)(3).

The Motion for Relief from Stay was originally scheduled to be heard on February 24, 2010, but the hearing was continued to April 8, 2010, to allow Pandora the opportunity to file an opposition to the Motion to Avoid Lien and to allow Debtor to file a reply to the opposition. The April 8, 2010 hearings were continued to May 12, 2010, per a stipulation and order.  The May 12, 2010 hearings were continued to June 23, 2010, for supplemental briefing which was filed later.  Finally, the court excused appearances at the June 23, 2010 hearings and took the matters under advisement.  This Memorandum of Decision disposes of both the Debtor's Motion to Avoid Lien and Pandora's Motion for Relief from Stay.

The only basis for Debtor's opposition to Pandora's Motion for Relief from Stay is that Debtor believes she is entitled to avoid Pandora's lien pursuant to 11 U.S.C. § 522(f). Thus, to determine whether Relief from Stay should be denied or granted, this court must first determine whether Debtor has proved a basis to avoid Pandora's lien under § 522(f).

## MOTION TO AVOID LIEN

In her 522(f) motion, Debtor claimed a $150,000 homestead exemption, per CCP § 704.730(a)(3)[1].  Debtor argues that her $150,000 exemption is impaired by Pandora's judgment[2] lien and may be avoided pursuant to 11 U.S.C. § 522(f).  As such, it is the Debtor's burden to prove that she is entitled to avoid the lien.  In re Catli, 999 F.2d 1405 (9th Cir. 1993).

---

[1] Debtor's Schedule C as well as her Motion to Avoid Lien show that Debtor claimed a $150,000 exemption pursuant to CCP § 704.730(a)(3).

[2] The original amount of the judgment was $222,093.37.  The judgment had grown to $243,510 by the time Debtor's motion was filed.

Pursuant to § 522(f)(1)(A), a debtor may avoid the fixing of a judicial lien on an interest of the debtor in property to the extent the lien impairs an exemption to which the debtor would have been entitled under § 522(b). There are four elements that the Debtor must prove to avoid a lien: *(1) the debtor is entitled to an exemption*, (2) the property must be listed on debtor's schedules as exempt, (3) the lien must impair the exemption, and (4) the lien must be a judicial lien. <u>In re Goswami</u>, 304 BR 386, 390-391 (9th Cir. BAP 2003) (emphasis added). The main issue in this instance is whether Debtor is entitled to a $150,000 exemption per CCP § 704.730(a)(3).

A creditor may object to a motion filed under § 522(f) by challenging the validity of the exemption asserted. FRBP 4003(d). The objecting party has the burden of proving the exemptions are not properly claimed. FRBP 4003(c). In the instant case, Pandora objects to Debtor's Motion to Avoid Lien based on a claim that Debtor does not meet the domiciliary requirements of § 522(b)(3) to establish that she is entitled to any exemption under applicable California law. Debtor argues that § 522(b)(3) does not apply and that the pertinent question is whether Debtor can establish her homestead, as of the commencement of the case, based on CCP § 704.920.

**Debtor Does Not Meet the Domiciliary Requirements of 11 U.S.C. § 522(b)(3).**

Pursuant to 11 U.S.C. § 522(b)(1), ". . . an individual debtor may exempt from property of the estate the property listed in paragraph (2) or . . . paragraph (3) of this subsection." Property listed in § 522(b)(2) includes "property that is specified under subsection (d) [that is, the federal exemptions], unless the State law that is applicable to the debtor under paragraph (3)(A) specifically does not so authorize."

Debtor believes that California state law is applicable to her case. Debtor filed her chapter 7 petition in California and claimed an exemption under California law. California law

does not authorize the use of federal exemptions.  CCP § 703.130.  Debtor must meet the

California domiciliary requirements of § 522(b)(3)(A) in order to invoke the California law.

Specifically, § 522(b)(3)(A) defines exempt property as:

> . . . any property that is exempt under Federal law, other
> than subsection (d) . . . or State or local law . . . applicable
> . . . at the place in which the debtor's domicile has been
> located for the 730 days immediately preceding the date of
> the filing of the petition or if the debtor's domicile has not
> been located at a single State for such 730-day period, the
> place in which debtor's domicile was located for 180 days
> immediately preceding the 730-day period or for a longer
> portion of such 180-day period than in any other place.

11 USC § 522(b)(3)(A).  The Supreme Court has determined that the question of domicile is to

be determined as follows:  "For adults, domicile is established by physical presence in a place

in connection with a certain state of mind concerning one's intent to remain there."  Mississippi

Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 47 (1989).

In this case, Debtor claimed a California homestead exemption pursuant to CCP §

704.730(a)(3), but there is insufficient evidence to prove Debtor's domicile was located in

California, either for the 730 days immediately preceding the date of the filing of Debtor's

bankruptcy petition, or for a period 180 days immediately preceding the 730-day period, as

required by § 522(b)(3)(A).

It is the Debtor's burden to provide evidence of her domicile to show that she is entitled

to claim this exemption, but Debtor's evidence falls short of meeting this burden.  Ms.

Mendez's supplemental declaration in support of her 522(f) motion simply indicates in this

connection that she owned property located at 221 South Gale, Unit 105, Beverly Hills, CA

90211 (Beverly Hills Property) for several years prior to October 8, 2009.  Motion to Avoid Lien,

Supp. Decl., ¶ 2:16-20.   It says nothing to demonstrate her physical presence at the Beverly

Hills Property for any period of time or to demonstrate her state of mind about her intent to remain there.

At the same time, Pandora's evidence proves that a tenant resided in the Beverly Hills Property until September 2009.  Id. at ¶ 3:1-2.  According to the results of Pandora's August 24, 2009 examination of Debtor, under oath, the Debtor did not live at the Beverly Hills Property as of August 24, 2009, two months before she filed her chapter 7 petition.  Pandora's Opposition to Debtor's 522(f) motion, Cohen Decl. and Exhibits.  At the same time, Pandora's evidence establishes that Debtor received rent from a tenant living at the Beverly Hills Property.  Id., Ex. A, 21:5-13.  Pandora asserts that Debtor lived in Nevada and California in 2007 and 2008.  Id.,Ex. B, 60:24-61:71.  Debtor has not provided any evidence to refute the allegations that she lived both in California and Nevada.  Moreover, during the applicable 730-day and preceding 180-day periods, Pandora's evidence proves that Debtor claimed both Nevada and Florida as her "principal residence."  See id., Ex. C, pp. 1-4 and p. 7:¶6 and Ex. D, pp. 1-3 and p. 8:¶ 6.

Debtor filed her chapter 7 bankruptcy petition on October 30, 2009.  Based on the evidence provided, Debtor has failed to prove that she resided in the Beverly Hills Property prior to October 2009.  At the same time, there is evidence that Debtor lived in Nevada, Florida and California.  In the end, the evidence presented by Debtor in this case, after discovery and an extended pleading period of more than five months time, is insufficient to prove that the Debtor was domiciled in California, either for the 730 days preceding her bankruptcy filing, or the greater part of 180 days immediately preceding the 730-day period.  Pandora's objection to the exemption is sustained.  Debtor failed to show that she meets the domiciliary requirements of § 522(b)(3)(A) and that she is entitled to claim an exemption under California law.

Debtor urges that § 522(b)(3) does not apply.  In support of her argument she cites to

CCP § 704.920 which states:

> A dwelling in which an owner . . . resides may be selected as
> a declared homestead pursuant to this article by recording a
> homestead declaration in the office of the county recorder of
> the county where the dwelling is located.  From and after the
> time of recording, the dwelling is a declared homestead for
> purposes of this article.

CCP § 704.920.  Debtor filed her Declaration of Homestead on October 8, 2009, claiming the

Beverly Hills Property as her homestead.  Debtor asserts she should be allowed an exemption

simply because she filed her declaration of homestead.  However, by itself the recording of a

declaration of homestead of a judgment debtor does not mean that the debtor is automatically

entitled to the homestead exemption set forth in CCP § 704.730.  See, e.g., In re Anderson,

824 F.2d 745, 758-59 (9th Cir. 1987).  Although Debtor claimed the Beverly Hills Property as

her homestead, Debtor must also show that she satisfies the domiciliary requirements of

§ 522(b)(3)(A) in order to sustain her claim to a California homestead exemption if she wishes

to invoke the powers of § 522(f) in the Motion to Avoid Lien.  This she failed to do.

**Debtor Did Not Provide Any Evidence to Show She is Entitled to an Exemption in the amount of $150,000.**

Even if Debtor had met the domiciliary requirements of § 522(b)(3), Debtor offered no

evidence to support her claim that she would be entitled to a $150,000 exemption pursuant to

CCP § 704.730(a)(3).  Per § 704.730(a)(3):

> (a) The amount of the homestead exemption is . . . :
>
> \*     \*     \*
>
> (3)  . . . $175,000 . . . if the judgment debtor . . . who resides
> in the homestead is at the time of the attempted sale of the
> homestead any one of the following:
>
> (A)  A person 65 years of age or older.

(B)  A person physically or mentally disabled who as a result of that disability is unable to engage in substantive gainful employment.  There is a rebuttable presumption affecting the burden of proof that a person receiving disability insurance benefit payments . . . or supplemental security income payments . . . satisfies the requirements of this paragraph as to his or her inability to engage in substantial gainful employment.

(C)  A person 55 years of age or older with a gross annual income not more than . . . $15,000 . . . .

CCP § 704.730(a)(3).  Since Debtor failed to offer any evidence to show that she is (1) 65 years of age or older, (2) physically or mentally disabled and unable to engage in substantive gainful employment, or (3) is a person 55 years of age or older with a gross annual income not more than $15,000, Pandora's objection to Debtor's claim is also sustained on the grounds that Debtor is not entitled to a $150,000 homestead exemption per CCP § 704.730(a)(3).

**Debtor Did Not Properly Claim an Exemption per CCP § 703.140(b)(5).**

Debtor also urges that even if she is not entitled to a homestead exemption per CCP § 704.730(a)(3), she is entitled to a wildcard exemption pursuant to CCP § 703.140(b)(5). However, CCP § 703.140(b)(5) is a California exemption and Debtor's failure to prove that she meets the California domiciliary requirements of § 522(b)(3)(A) defeats her claim to any California exemption for all the reasons outlined above.  In addition, even if Debtor were entitled to claim a California exemption, Debtor did not claim a CCP  § 703.140(b)(5) exemption in her Schedules.  Debtor asserted this exemption only in her Reply to the Pandora Opposition to Debtor's Motion to Avoid Lien.  That is insufficient.  Federal Rule of Bankruptcy Procedure 4003(a) states:  "A debtor shall list the property claimed as exempt under § 522 of the Code on the schedule of assets required to be filed under Rule 1007. . . ."

The description of the property and the law under which the exemption are claimed are essential ingredients to Debtor's claim.  See, e.g. Preblich v. Battley, 181 F.3d 1048 (9th Cir. 1999).  The schedule of exemptions must be sufficient to put creditors and the case trustee on notice that the debtor is claiming such exemption.  Id. at 1052.  Debtor failed to show that she properly claimed a CCP § 703.140(b)(5) exemption in her schedules.

### MOTION FOR RELIEF FROM STAY

Since Debtor failed to prove that Pandora's lien impaired an exemption that Debtor was entitled to claim and that was the only basis for Debtor's opposition to Pandora's Motion for Relief from Stay, the Motion for Relief from Stay is granted for cause shown as established in the Pandora Motion.

### CONCLUSION

Debtor claimed exemptions under California law.  In order to claim any exemption under California law, Debtor must prove that she meets the domiciliary requirements of 11 U.S.C. § 522(b)(3).  Based on the evidence presented in this case, Debtor has not met the domiciliary requirements of § 522(b)(3) and therefore is not entitled to either the exemption she claimed under CCP § 704.730(a)(3) or CCP § 703.140(b)(5).  Pandora's objection to the $150,000 exemption asserted by Debtor pursuant to CCP § 704.730(a)(3) is sustained for the same reason and because Debtor did not prove the elements of CCP § 704.730(a)(3).  Pandora's objection to the California "wildcard" exemption asserted by the Debtor pursuant to CCP § 703.140(b)(5) is also sustained for the same reason and because Debtor did not schedule the wildcard exemption.  Therefore, Debtor's Motion to Avoid Lien is denied and Pandora's Motion for Relief from Stay is granted for cause.

///

1    Pandora is directed to lodge orders on both the Motion for Relief from Stay and the

2  Motion to Avoid Lien.

3    IT IS SO ORDERED.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  DATED: October 25, 2010

_____
United States Bankruptcy Judge

26

27

28

**NOTE TO USERS OF THIS FORM**:

**1)**  Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)**  The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3)  Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4)  Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) MEMORANDUM OF DECISION was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of 6/24/10, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

Daniel I Barness on behalf of Debtor Lucrecia Mendez
daniel@barnesslaw.com

Elissa Miller
CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;emiller@ecf.epiqsystems.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

Debtor
Lucrecia Mendez
221 South Gale #105
Beverly Hills, CA 90211

Attorney for Creditor
Barry E Cohen
10866 Wilshire Blvd Ste 890
Los Angeles, CA 90024

☐ Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page